# UNITED STATES DISTRICT COURT
## FOR MIDDLE DISTRICT OF PENNSYLVANIA

GARY RHINES

      Plaintiff,

    V

UNITED STATES OF AMERICA

Civil No.

COMPLAINT

Federal Tort claim ACT

FILED
SCRANTON

MAY 2 0 2020

PER _____
DEPUTY CLERK

## JURISDICTION & VENUE

This is a civil action authorized by the federal Tort claim Act, 28 U.S.C. § 2672, under authority by 28 C.F.R. § 543.30. And A claim of Negligence under (FTCA), Pursuant to 28 U.S.C § 2671

The UNITED STATES DISTRICT COURT, for MIDDLE DISTRICT OF PENNSYLVANIA, Scranton PA 18501, is an appropriate venue under 28 U.S.C Section § 1331 and 28 U.S.C. § 1346(b).

Plaintiff, GARY RHINES, Pro-se, in a former Inmate at FCI Allenwood the time of Incident. Plaintiff is currently Incarcerated at SCI Coal-Township, 1 KELLEY Drive, Coal Township PA 17866.

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 28 U.S.C. §1331 and 28 U.S.C. §1346(b). And 28 U.S.C §2672 and 28 U.S.C §2671, A claim of negligence

2. The plaintiff, Gary Rhines was incarcerated at FCI Allenwood, P.O. Box 2000, White Deer, PA 17887 during events described in this complaint.

3. Defendants, Dr. David Ball, contractor is being sued in their individual capacity.

4. Defendant, MD Carvajal, regional Director is being sued in their individual and official capacities in charge of Regional Appeals.

5. Defendant, Ian Connors, Administrator National Inmate Appeals is being sued in their individual and official capacities.

6. Defendant Dr. Cullen is being sued in their individual and official capacities, he is (FCI Allenwood) in house doctor.

7. Defendant, Beth Zalna PA, is being sued in their individual and official capacities.

8. Defendant, Mr. Parkin, Health Services Administrator, is overseer of all PA's in health services is being sued in their individual and official capacities.

9. Defendant, Former Warden, Captain S. Spaulding was in charge of all administrative remedys is being sued in their individual and official capacities.

## FACTS

Plaintiff Gary Rhines has been complaining of back pains and shoulder problems on or about for two years. My back pains are worse than the shoulder, so I stopped complaining of the shoulder problems and kept reporting the more serious problem which is the plaintiff's back. The plaintiff like to state for the record that the defendant

has given the plaintiff medical treatment. The plaintiff has followed
all the requirements set out by his PA, Physical Therapist, Orthopedic
surgeon, Warden Captain S. Spaulding, Ian Connors, Administrator
National Inmate Appeals and M.D. Carvajal, regional Director, in
accordance with program statement 6031.04, <u>Patient Care</u>. The plaintiff's
issue is after completing all the requirements by the above medical
professionals, the plaintiff went back to sick-call explaining that
the medicine does not stop the pain, physical therapy does not stop
the pain, exersises for the back does not work, I explained to my PA
Beth Zalno, physical therapist, orthopedic surgeon, Warden Capt.
S. Spaulding, Ian Connors, M.D. Carvajal, HSA MR. Parkin, Dr. Cullen
that all the treatment has failed and I requested an MRI to determine
what is causing the pain. Plaintiff has been denied at all levels
for MRI, and now everytime I report to sick-call PA Zalno says her
hands are tied and she can't do anything for me, that she did all
she could do and that I was denied an MRI for clinical reasons. PA
Zalno also had a follow up with in-house Dr. Cullen and she state if
Dr. Cullen thought that I needed an MRI on my back he would of requested
an MRI. Plaintiff had his yearly follow up with in house Dr. Cullen
and plaintiff complained of his back issue and requested of Dr. Cullen
that he needed an MRI. Plaintiff brought to the doctor's attention
that an MRI was denied at all levels when requested. Question? How
does the plaintiff receive an MRI when he followed all the requirements
rules and Policy under Patient  Care Act, and followed all rules
by the parties named in this Civil Complaint? Plaintiff likes to
state that all the medicine, exersises, loss of weight, therapy, etc.

has not changed the condition of his back pains, and plaintiff is being denied further treatment to determine what is causing the pain. The plaintiff has followed all the rules and requirements as ordered. Plaintiff also was fasting the month of Ramadan for about 29 days and lossed about 15 to 20 pounds. Plaintiff still has the pains. Ramadan was from June 14, 2018 to July 12, 2018.

Medical Dept. is continuing to make plaintiff receive and do treatment that is not solving his back pain.

## M E D I C A L   T I M E   L I N E

(1)  On July 29, 2016, I reported to Sick Call and complained of neck and back pains. I was submitted to see an orthopedic surgeon.

(2)  On August 23, 2016, I was seen by orthopedic surgeon and I and I stressed my back and neck problems. I was given pain medication and the doctor wrote his report for me to follow.

(3)  On September 16, 2016, I requested for an MRI about my shoulders, neck and back where I complained about pain in these areas.

(4)  On December 22, 2016 I reported to Sick Call and complained about pain in the neck, shoulders and back.

(5)  On January 5, 2017 I complained to PA Zalno about neck, back and shoulder pains.

(6)  On January 9, 2017 I reported my neck, back and shoulder pains to AHSA in the Dining Hall.

(7)  On January 23, 2017  PA visit, I reported neck, shoulders and and back pains.

(8)  On March 29, 2017 I reported to Sick Call and complained about neck, back and shoulder pains.

(9)  On April 18, 2017 I went to see orthopedic surgeon and complained neck, back and shoulder pains.

(10)  On May 1, 2017 I reported to  Sick Call and complained of neck, back and shoulder pains.

(11)  On July 10, 2017 I reported to Sick Call and complained of back pains.

(12)  On September 28, 2017 I complained about back problems and pain on the same day. A specialty procedure was submitted for an MRI by Beth Zalno (PA). It was disapproved on 10/5/17.

(13)  On October 17, 2017 I receieved a visit from the therapist and received exercises on paper to carry out.

(14)  I saw the therapist on November 8, 2017 and an MRI was ordered for back pains.

(15)  On December 12, 2017 I report to Sick Call and request MRI for back pains.

(16)  On December 15, 2017 I report to Sick Call and complain of back pains.

(17)  On January 25, 2018 I sign up for Sick Call and report about my back pains.

(18)  On March 1, 2018 I sign up for Sick Call and complain of back pains.

(19)  On March 6, 2018 I was seen by in house doctor and I complained of back issues and asked him can he check why my MRI was denied. He said he will look into it. I have never heard anything from him on this matter till this day.

(20)  On 6-24-18 around 12pm to 12:20pm, a chair in edcucation Dept. broke while I was sitting on it and I fell and hurt my back. School teacher Mr. McMullen sent plaintiff to medical and the pharmasicist                , gave plaintiff streching excersises. I asked him should I see the PA, he said no its just some tightnes from falling. Also, teacher McMullen was a witness to my fall.

(21)  Report to sick-call on 7-20-18, seen by PA Zalno, plaintiff requested an MRI, Ms. Zalno stated she is not putting in another request for MRI and she had a follow up meeting with in-house Dr. Cullen and he stated to her he does not see that plaintiff needs an MRI.

## DENIAL OF DUE PROCESS

1. On 10-10-18 plaintiff submitted informal resolution request about back pains and requested MRI on 10-11-18. Counselor Segraves returned with the response from my BP-8 and my MRI was denied. Also the recommendations from Dr. Ball's was for MRI so that he can if I need a spinal doctor.

2. On 10-12-18 plaintiff submitted administration remedy about back pains and requested an MRI on 10-20-17. Captain S. Spaulding former Warden agreed with the finding and answeres from BP-8 and denied my BP-9.

3. On 1026-17 plaintiff submitted to Regional Administrative remedy appeal, plaintiff complained and requested an MRI so there can be a determination as to where the pain in his back. On December 6, 2017 Regional Director  M.D. Carvajal denied appeal.

4. On 12-15-2017 plaintiff submitted to Central Office an Administrative remedy appeal, requesting an MRI for his back. On 2-2-18 Ian Connors, Administrative National Inmate appeals, denied the request. Above, plaintiff excersised all administrative procedures.

## DENIAL OF MEDICAL CARE

Plaintiff likes to make clear that Medical has treated plaintiff once the plaintiff followed all the requirements, and orders of medical staff and personel named in this Civil matter. Plaintiff made it clear on mane dates and times when he reported to sick-call to his PA, orthopedic surgeon, AHSA Parkin, therapist and to all

parties at the Administrative remedy levels, BP-8, BP-9, BP-10, and BP-11, that the treatment is not working. On September 28, 2017 I complained about back problems and pain on the same day, a specialty procedurte was submitted for an MRI bt Beth Zalno (PA). It was disapproved on 10-5-17. On 7-20-18 I reported to sick call requesting of PA Zalono to re-submitt the specialty procedure for an MRI. She said she will not and her hands are tied and she did all she could do on her level. Medical Dept. is continuing to make plaintiff receive and do treatment that is not solving his back pain.

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants, by filing BP-8, BP-9, BP-10, BP-11. Federal TorT claim AcT (FTCA) 28 U.S.C § 2672 delegated by 28.c.F.R.§543.30, Administrative claim no. TRT-NER-2019-04820. See Ex's Attached to complaint

<u>CLAIMS FOR RELIEF</u>

The action of all defendants in this civil mater who denied plaintiff MRI after he brought to their attention that the current treatment is not working, constitutes deliberate indifference to plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution and defendants were negligent for intentional actions of prison offciials; injuries caused by unintentional (negligent)actions or omissions by prison official. Staff actions also violate 28 U.S.C. §1346(b)

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The delay or denial of plaintiff's medical care by defendnts Beth Zalno, Thomas Cullen, Dr. Ball, AHSA Parkin, Ian Connors, M.D. Carvajal, Capt. S. Spaulding, violatyed the plaintiff's rights under the Eighth Amendment to the United States Constitution and negligence under FTCA.

2. Defendant's Cullen, Ball, Ian Connors, Carvajal, Spaulding failure to take action to curb the physical pain or denial or delay of medical care of a prisoner violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and consti- tuted negligence under FTCA.

3. Defendants Spaulding, M.D. Carvajal, Connors, denial of plaintiff's administrative remedies violated the plaintiff's rights under the Due Process clause of the Fourteenth Amendment to the United States Constitution.

4. Defendants Cullen, Ball, Ian Connors, Carvajal, Spaulding, Zalno, Parkins. actions in failing to provide adequate medical care for the plaintiff violated and continues to violate the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ardering defendants Cullen, Ball, Connors, Carvajal, Warden , Zalno, or their agents to :

1. Immediately arrange for the plaintiff to recieve an MRI on his back by a qualified physician.

2. Immediately arrange for the plaintiff's need for a back specialist, order a follow up medical treatment to be evaluated by medical practitioner with expertise in the treatment and restoration and function of back pains. and;

3. Carry out without delay the treatment directed by such medical practitioners.

C. Issues an injuction ordering defendants named in civil complaint to:

1. Order defendants to order Post surgery MRI for plaintiff if plaintiff ever recieves surgery on his back.

D. Award compensatory damages in the following amounts:

1. $100.000 jointly and severally against defendants Cullen, Dr. Ball, Zalno, Parkin for the physical and emotional injuries sustained as a result of the plaintiff's delay and denial of adequate medical care.

2. $10.000 jointly and severally against defendants Spaulding, M.D. Carvajal. Connors for the punishment. including deprivation of liberty and amenity, and emotional injury resulting from their denial of duer process in connection with the plaintiff's administrative remedies proceedings.

3. $50,000 jointly and severally against defendants Zalno, Dr. Ball, Dr. Cullen, Parkin for the physical and emotional injury resulting from their failure to provide adrquate medical care to the plaintiff.

E. Award punitive damages in the following amounts:

1. $20.000 each against defendants. Dr. Cullen, Dr. Ball, Zalno, Parkin.

2. $30.000 each against defendants Spaulding. M.D. Carvajal, Connors.

F. Grant such other relief as it may appear that the plaintiff is entitled.

Dated: 5/18/20

Respectfully Submitted

Gary Rhine

Gary Rhines DE6737
Pro-se
SCI coal Township
1 Kelley Drive
Coal Township PA 17866

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Dated: 5/18/20

Gary Rh

SCI coal Town
1 Kelley Drive
Coal Township PA 17866

# CERTIFICATE OF SERVICE

I, ___Gary Rhines_____, hereby certify that I have served a true
and correct copy of the foregoing:   *Federal Tort Claim Act*

*Complaint*
*pursuant FTCA*

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

*Clerk of courts*
*235 N. Washington Ave*
*Scranton PA 18501*

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __15__ day of __May__, 2020

Respectfully Submitted,

*Gary Rhines*

*DE 6737*

Exhibits     A

Federal TorT claim Act
delegated by 28 C.FR. § 543.30



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*



U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

June 19, 2019

Gary Rhines, Reg. No. 10496-067
FCI Allenwood
P.O. Box 2000
Allenwood, PA   17887

Re:  Administrative Claim **Received June 10, 2019**
     Claim No. TRT-NER-2019-04820

Dear Mr. Rhines:

This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury suffered at FCI Allenwood.

Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately.  Also, should your address change, you should contact this office in writing accordingly.

Sincerely,

Darrin Howard
Regional Counsel

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| North east Regional Director , RM 701 Federal Bureau of Prisons U.S. custumshouse , 2nd and chestnut st Philodelphia , PA 19106 7th Floor | GARY Rhines # 10496-067 FCI Allenwood P O BOX 2000 white Deer PA 17887 |

| 3. TYPE OF EMPLOYMENT □ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10/10/72 | 5. MARITAL STATUS SI19/L | 6. DATE AND DAY OF ACCIDENT July 29, 2016 up to date | 7. TIME (A.M. OR P.M.) 7:30 A |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

for alleging medical staff acted neglegently to serious medical needs Recommendation was made by contractor out Doctor and contractor Therapist and these Recommendation was disregarded and I was Denied MRI see Attachment on next page

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Inmate is suffering back pain for over two your injury may have come from sport, workout, or work Related

| 11. | | WITNESSES |
|---|---|---|

| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|---|
| warden, spaulding Dr. Bull Beth Zaino (PA) Mr Porkin (AHSA) | Ian connors Mo cervayel Dr cullen | FCI Allenwood P.O BOX 2500 White Deer PA 17887 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| N/A | $800.000 | N/A | $ 800.000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| Gary Rhines | N/A | 7/24/18 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE

JUN 10 2019

NERO-PHILADELPHIA



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

COPY

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

December 9, 2019

Mr. Gary Rhines, DE6737
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866

     RE:   Administrative Claim No. TRT-NER-2019-04820

Dear Mr. Rhines:

     Your Administrative Claim No. TRT-NER-2019-04820, properly received on June 10, 2019, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $800,000.00, for a personal injury claim.  Specifically, you allege since July 29, 2016, FCI Allenwood staff have not provided you with adequate medical care from your back pain.  You state you have not received a magnetic resonance imaging (MRI).

     An investigation, including a review of your medical records, reflects you were housed at FCI Allenwood from April 11, 2013, through July 24, 2019.  During that time, you were evaluated in Health Services on many occasions.  Your pain management needs were addressed with an orthopedic treatment plan, physical therapy, weight loss management, and pain medications.  There is no evidence you experienced a compensable injury as the result of negligence on the part of a Bureau of Prisons employee.  Accordingly, your claim is denied.

     If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

                        Sincerely,

                        Darrin Howard
                        Regional Counsel

cc:  Catricia L. Howard, Warden, FCI Allenwood

Exhibit   B

ADministrative  Remedy  Procedures

BP-8  - BP-9   - BP-10 - BP-11

**Federal Correctional Institution**
**Allenwood, Pennsylvania**

<u>ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES</u>
<u>INFORMAL RESOLUTION FORM</u>

<u>NOTE TO INMATE</u>:   You are advised that prior to receiving and filing a Request for Administrative Remedy
Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your
Correctional Counselor.   Briefly state <u>ONE</u> complaint below and list what efforts you have made to resolve
your complaint informally and state the names of staff contacted.

Issued By: _____ T. S. _____ (Initials of Correctional Counselor)
Date Issued To the Inmate: ____ 10-10-17 ____

<u>INMATE'S COMMENTS</u>:
   Complaint: ____ I been complaning of back pain
and problems On or bout TWO years. I been to sick, I been on all
sports restriction, I been placed on pain medicine, Therapy exerises for
the back has been giving to me. I been submitted by PA zalno for
MRI and UDC committee at this prison Denied my MRI, Dr Ball
about 3 or 4 weeks ago requested and MRI so he can forward the infor-
mation to spinal specialist the PA will not submitt it. Delay getting
me And MRI is a Delay in treatment ____

2.   Efforts you have made to  resolve: ____ I been to sick call
on  9/28/17 or 9/29/17 ____

3.   Names of staff you contacted: _ PA zalno / And nurse Bloom _

Date Returned to Correctional Counselor: ____ 10-10-17 ____

_Gary Rhines_   10496-067   10/10/72
Inmate's Signature        Reg. Number        Date

<u>CORRECTIONAL COUNSELOR'S COMMENTS</u>:

1.   Efforts made to informally resolve and staff contacted: ____

____

____

____

   Date BP-9 Issued: _____

Correctional Counselor _____
_____
Unit Manager (Date)

<u>Distribution</u>:   If complaint is <u>NOT</u> informally resolved – Forward original attached to BP-9 Form to the
Executive Assistant.

Rhines,Gary
Reg. No. 10496-067
Page 1

---

ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

INFORMAL RESOLUTION RESPONSE

This is in response to your Informal Resolution.

Per your Physician Assistan (PA)t, your EMG test was denied given you have not taken the basic steps of weight loss to address your back pain concerns. Additionally, your x-ray of your lumbar spine after you raised concerns of having back pain for over two years was completed on January 11, 2017, which resulted in typical findings for a 44 year old aged male. This report along with Dr. Ball's recommendations were reviewed by your PA and the physician and there is insufficient medical support to pursue an MRI at this time.

MRI tests require a high threshold of medical justification in order to be approved at the regional level. Simply put, you do not have that medical justification at this time. You are encourage to discuss a weight loss program with your PA and we can re-evaluate this decision after the weight loss occurs.


T. Segraves, Counselor                                          10-11-17
                                                                 Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

11-12-17
Z.S.

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | RHINES GARY | 10496-067 | 2A | FCI ALLENWOOD |
|-------|-------------|-----------|-----|----------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** This is an appeal from BP-8 on 10-11-17. Reason For appeal is Inmate Rhines is request a MRI For back pain I been complaining of this problem 2x years. The Medical is false reporting on my Weight Issues on 5/29/16 I was 257 lbs, 4/18/16 260 lbs, on 1/5/17 272 lbs, on 1/23/17 273, on 7/10/17 258 lbs, on 9/15/17 260 lbs, on 9/28/17 264. I have addressed the weight Issues on 1/23/17 I was 273 then I drop to 258 by 7/10/17 keep in mind I been on medical Restriction so my weight is going to go up and Down. My weight at 264. Because of Dieting. Medical is Denying me further treatment to Determine where the pain is coming from on my back. Request a MRI on my back 10/12/17 Request a MRI is my resolution

DATE 10/12/17 To Determine where the pain is coming

SIGNATURE OF REQUESTER Gary Rhines

**Part B– RESPONSE**

See attached

Rec'd 10/13/17 DFE

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 918256-F1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE          RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Rhines, Gary
Reg. No. 10496-067
Appeal No. 918256-F1

---

### Part B - Response

This is in response to your request for administrative remedy received October 13, 2017, wherein you allege medical is denying you further treatment. As relief, you request to be provided with an MRI to further investigate a cause for your lower back pain.

A thorough review of your medical file was completed on October 17, 2017. Per your Physician Assistant (PA), your EMG test was denied given you have not taken the basic steps of weight loss to address your back pain concerns. Additionally, the x-ray of your lumbar spine was completed on January 11, 2017, which resulted in typical findings for a 44-year old male. Your PA and the physician reviewed this report, along with the orthopedic surgeon's recommendations, and there is insufficient medical support to pursue an MRI at this time.

MRI tests require a high threshold of medical justification in order to be approved at the regional level. You do not have that medical justification at this time. You are encouraged to discuss a weight loss program with your PA. We can re-evaluate this decision after the weight loss occurs. Although you may have lost some weight, it has been very sporadic with ups and downs.

Accordingly, this response to your request for administrative remedy is for informational purposes only. If you are not satisfied with this response, you may appeal to the Regional Director within 20 calendar days of this response.

CAPT S. Spaulding, Warden                    Date 10/20/17

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: RHines  GARY        10496-067       24       Allenwood FCI
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT         INSTITUTION

Part A - REASON FOR APPEAL ~~If my Medical records was reviewed I shuld been grated~~
Medical care MRI This is an Appeal from BP-9. The Denial
of My Medical Issue has not been investigated. I request an
MRI because I been having back pains for two years I listed
different Dates my weight was taken off my BP-9 I was
on 1/23/17   273 Ibs on 7/10/17. I drop my weight to 258
Ibs so I loss 15 pounds up to date my weight is in between
258 Iss to 262 Iss because of Medical Restriction. I been
having pain on my back when my weight been up or down. I request
an MRI to determine where the pain is coming from.
10/26/17  I should not be denied treatment              Gary Rhines
　　DATE   because of Medical budget Issues    SIGNATURE OF REQUESTER

Part B - RESPONSE

Received
DEC 1 1 2017
FCI Allenwood
Associate Warden's Office

　　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 9182502l

Part C - RECEIPT
　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　　　LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____                    _____
　　　DATE                                  SIGNATURE. RECIPIENT OF REGIONAL APPEAL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　BP-230(13)

RHINES, Gary
Reg. No. 10496-067
Appeal No. 918256-R1
Page One

---

### Part B - Response

You appeal the response of the Warden at FCI Allenwood and contend you are not receiving appropriate medical treatment for chronic back pain.  You claim you have lost weight as recommended, but you are still having pain.  You request a Magnetic Resonance Imaging (MRI) scan to diagnose your condition.

A review of your appeal reveals the Warden adequately addressed your concerns in his response.  According to your Bureau Electronic Medical Record (BEMR), you were evaluated by an Orthopedic surgeon on August 23, 2017.  Your lumbar x-rays were reviewed, which revealed negative findings, and your physical examination revealed tenderness on your right side.  An electromyography (EMG) and MRI scan were recommended; however, they were subsequently denied.  Based on your medical assessments and Body Mass Index (BMI), conservative measures were recommended, including physical therapy and weight loss.  On October 17, 2017, and November 8, 2017, you were evaluated by the Physical Therapist for chronic back pain.  Therapy was unsuccessful, and an MRI scan was submitted for further evaluation.  Your consultation is currently pending approval.  You will be notified once a decision has been made.  According to your medical record, you are being evaluated and treated in accordance with Program Statement 6031.04, Patient Care.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: December 6, 2017

M.D. CARVAJAL
Regional Director

Received
DEC 1 1 2017
FCI Allenwood
Associate Warden's Office

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: RHines  Gary  10496-067  ZA  F4 ALLenwood
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal from BP-10 on Dec 11, 2017
Reason for this appeal is I was counsel by my P-A, Physical Therapis
ORthopedic surgeon all Treatment was unsuccessful, My consultet
for MRI was Denied on 12/7/17. I continue to suffer from
back Pain. After following all this rules under Program statement
6031.04, patient care rules I'm still having back Pains. The
only thing now that can help determend the pain is a MRI,
Request for the centeral office to Approved a MRI so it can help
determend why I'm having back pains.

12-15-2017
DATE

Gary Rhines
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
DEC 26 2017
Administrative Remedy Section
Federal Bureau of Prisons

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 918256·A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____        _____
DATE                   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982
JSP LVN

Administrative Remedy No. 918256-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal wherein you allege all treatment regimens have been unsuccessful, yet you still were denied a consult for an MRI. You contend you continue to suffer from back pain after completing all the recommendations made by the guidelines of Program Statement 6031.04, Patient Care. For relief, you request an MRI to determine the cause of the pain.

We have reviewed documentation relevant to your appeal and, based on our findings, concur with the manner in which the Warden and Regional Director responded to your concerns at the time of your Request for Administrative Remedy and subsequent appeal. Our succeeding review reveals the consult submitted for an MRI was disapproved with recommendations to continue symptomatic treatment. Therefore, at this time, your clinician has found insufficient diagnostic data to make a clinical determination of the need for a MRI.

You should be aware Program Statement 6031.04, provides that the Clinical Director is under no obligation to follow consultant recommendations. If a specific intervention is not pursued, Health Services staff will provide continual monitoring and on-going treatment for your condition as necessary. If you are having issues, you need to request sick call for your complaints. Your primary care team will continue to make recommendations as needed. As recommendations are made, a course of treatment will be determined. Given this, we shall defer diagnostic testing and treatment interventions to the Health Services staff at the local level.

Based on this information, there is no evidence to substantiate your claim of being denied appropriate medical care.

The record reflects you have received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons. You are encouraged to comply with proposed medical treatment so Health Services can continue to provide essential care and to contact medical personnel through routine sick call procedures should your condition change.

Considering the foregoing, your appeal is denied.

2 | 2 | 18
Date

Ian Connors, Administrator
National Inmate Appeals

DEAR, Clerk of courts                          5/15/20


Enclosed is a copy of the Federal TorT claim
Act I wish to file, CAN you please send me a copy
of the complaint and exhibits and affidavit Enclosed.
These documents are my original and my only
copy. Thank you


P.S                                    Sincerely
Plaintiff has an Bivens
claim pending in federal
court against the same         SCI Coal Township
parties under civil Action     1 Kelley Drive
NO. 3:18-CV-01643             Coal Township PA 17866
Honorable (Mannion)

GARY RHINES DE6737
SCI coal Township
1 KELLEY DRIVE
coal Township PA 17866.

RECEIVED
SCRANTON

MAY 20 2020

PER_____
DEPUTY CLERK

To C
Fe
Pi
2
SC

legal
mail